IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:22-CR-23-TAV-JEM |
| GARY F. PAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate.

This case is before the Court on Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [Doc. 13], filed on May 4, 2022. Defendant asks the Court to continue the motion deadline, the plea deadline, and the trial set for June 14, 2022. Defendant states he made his initial appearance on April 6, 2022, and his defense counsel needs additional time to conduct research and investigation into this matter to determinate whether any pretrial motions should be filed. Defendant relates that discovery is not particularly voluminous, but it does contain numerous items of multimedia that must all be reviewed with Defendant in-person using capable technology. Defendant also notes he is currently housed in Laurel County, Kentucky, making communication with his counsel difficult. For those reasons, Defendant's counsel does not believe he can adequately prepare or effectively represent Defendant due to the current deadlines and trial date. Defendant submits that the granting of the continuance should result in the delay being excluded under the Speedy Trial Act, as the ends of justice are best served by permitting his counsel the additional time necessary for effective preparation given his

counsel's exercise of due diligence, as required under 18 U.S.C. §§ 3161(h)(7)(A) and (B). Defendant also asserts that granting the request will permit the parties additional time to potentially reach a resolution of this matter. The motion relates that the request for extension is not being made for the purposes of delay, that the right to a speedy trial has been fully explained to Defendant who understands the need for a continuance, and that the Government does not oppose the request. The parties have conferred with Chambers and agreed on a new trial date of November 15, 2022.

The Court finds Defendant's motion [Doc. 13] is unopposed by the Government and well taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs more time to conduct research and investigation into this matter to determine the need for any pretrial motions, review discovery with Defendant, and engage in further discussions with the Government to potentially reach a resolution of this matter without proceeding to trial. The Court therefore concludes that without a continuance, Defendant would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [**Doc. 13**] is **GRANTED**. The trial of this case is reset to **November 15, 2022**. The Court finds all the time between the filing of the motion on May 4, 2022, and the new trial date of November 15, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §§ 3161(h)(1)(D) & (h)(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [**Doc. 13**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 15, 2022**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **May 4, 2022**, and the new trial date of **November 15, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **June 24, 2022**, and responses will be due **July 8, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 17, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **October 31, 2022, at 11:00 a.m.**;

(7) The deadline for filing motions *in limine* is **October 31, 2022**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 4, 2022.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge